FARNSWORTH & *al. versus* JACKSON.

The assignment of a mere expectation of earning money, if there be no *contract* on which to found the expectation, is of no effect.

But such an assignment may be made valid by a ratification of it, *after* the money has been earned.

Assumpsit, for money had and received.

One Johnson kept a boarding-house for college students. He had seventeen boarders, but there was no contract as to

the length of time they were to board with him. On the 26th June, they had boarded with him three weeks, and, in order to secure a debt to the defendant of $150, he assigned to him the accounts against said boarders, "intending to include as well whatever is due, as whatever may be due from them at any time within three months."

On the 29th of June, being indebted to Swett & Co., he assigned to them the same accounts and in the same language, adding, however, that "the assignment was subject to that made to Jackson," this defendant. Jackson, and also Swett & Co., on the days of their respective assignments, authorized Johnson as their agent to collect the accounts assigned.

Afterwards, in September, Johnson disclosed his property affairs to two justices of the quorum, upon an execution in favor of the plaintiffs. His right to so much of these demands as accrued after the 28th of June, $274,18, was appraised, and he assigned them to the plaintiffs, subject to the prior assignments.

Three of the accounts, amounting to $68, were paid to Johnson and receipted by him as agent of Jackson. Of that sum, $14 accrued before June 28. No part of the money, however, was received by Jackson. It was expended by Johnson for other purposes, without authority from Jackson, and before the commencement of the present suit, and the debt of $150, due to Jackson, remains wholly unpaid, nor has he any security for it other than what appears in the foregoing. All the other accounts which have been paid, were receipted by Johnson as agent of Swett & Co. The amount due to Swett & Co. when the assignment to the plaintiffs was made, was $343,02. They received $269,35. The whole amount due on the accounts was $377,77. The amount accrued before June 28th, was $103,59. All the payments which have been made, were made before the commencement of this action. The writ is dated Feb. 19, 1850. The parties agree that, upon the foregoing statement of facts, or so much thereof as is legally admissible, the court may render such judgment as may be lawful in the case, with liberty to

make such inferences from any of the facts legally admissible, as a jury might make.

*Barrows,* for the plaintiffs.

1. The students were under no contract to board with Johnson. They might have left his house at any moment. He had an expectation that they would continue with him. But that expectation was founded upon no contract, and was not assignable. It was but a mere possibility ; and, therefore, nothing passed by the assignments to Jackson and to Swett & Co., except what had then accrued. Dane's Abr. vol. 1, chap. 14, art. 1, sect. 2, p. 283; *Morrough* v. *Comyns,* 1 Wils. 211, given in Dane's Abr. vol. 1, chap. 14, art. 2. sect. 2, p. 284; *Flarty* v. *Odlum,* 3 Term R. 681 ; *Liddesdale* v. *Montrose,* 4 Term R. 248 ; *Cutts* v. *Perkins,* 12 Mass. 212 ; *Mitchell* v. *Winslow,* 2 Story, 630.

2. The plaintiffs, by virtue of ·the assignment to them, became entitled to all which accrued subsequent to the date of the assignment to Swett & Son.

3. Being so entitled, they may maintain this action for money had and received, against the defendant, whose agent wrongfully received the money. *Wiseman* v. *Lyman,* 7 Mass. 289 ; *Hale* v. *Marston,* 17 Mass. 575, 579 ; *Hawley* v. *Sage,* 15 Conn. 52; *Mason* v. *Waite,* 17 Mass. 563 ; Story on Agency, 2d ed. sect. 451, chap. 17, p. 554.

*Barnes,* for the defendant.

I. The assignment (by Johnson to Jackson) of debt afterwards to accrue, is valid ; being for valuable consideration, and the debt accruing being upon contracts already entered into by Johnson. *Crocker & ux.* v. *Whitney,* 10 Mass. 316 ; *Cutts, adm'r,* v. *Perkins,* 12 Mass. 206 ; *Gardner* v. *Hoeg and trustee,* 18 Pick. 168.

Such assignments are valid, even as to matters of real estate ; as, rent accruing, (8 Cowen, 206,) crops growing ; trees growing, or " hereafter to grow." *Stanley* v. *White,* 14 East, 332.

II. The assignment by Johnson to plaintiffs is expressly

subject to the assignment to Jackson, and so bars plaintiffs from all demand upon Jackson, until after *his* debt is satisfied.

III. Such of the debtors as have paid at all, saw fit to pay under the prior assignments. Hence, the plaintiffs' claim, if any, is against the debtors, or against Swett & Co., not against Jackson.

Jackson has received nothing under his assignment. Hence he is not liable to the plaintiffs or any body else, for " money had and received." *Israel* v. *Douglass*, 1 Henry Blackstone, 239.

SHEPLEY, C. J. — The right of the plaintiffs to recover may depend upon the validity of the assignment. made by Johnson to the defendant. There can be no legal assignment of that, which has no actual or legal existence. There may be a valid assignment of an existing claim to future compensation, not yet earned, and subject to a contingency, whether it ever will be earned. The cases cited and relied upon by the counsel for the plaintiffs are not opposed to this position.

The case of *Morrough* v. *Comyns*, 1 Wils. 211, decides, that a captor of a prize-ship might legally assign his share or interest in the prize-money before condemnation. This was afterwards prohibited by statute 20 Geo. 2.

The cases of *Flarty* v. *Odlum*, 3 T. R. 681, and of *Liddesdale* v. *Montrose*, 4 T. R. 248, decide, that an officer entitled to half pay could not legally assign that pay, which was to become due in future. Not because he had nothing capable of assignment, but because it was against public policy to permit it to be assigned.

In the case of *Crocker & ux.* v. *Whitney*, 10 Mass. 316, it is stated in the opinion, " Nor does it make any difference, if instead of a debt now due, the assignment is of money, which is expected to become due at a future day to the assignor."

In the case of *Cutts* v. *Perkins*, 12 Mass. 206, it is stated, that the former case was decided on the ground of its being " money expected to become due at some future time to the

assignor, it appearing, that there was an existing contract, upon which the debt might arise." The last remark exhibits the foundation, upon which such an assignment of a future contingent interest must rest; for without any existing contract to uphold it, there could be no existing interest to assign.

A similar doctrine is asserted in the cases of *Gardner* v. *Hoeg*, 18 Pick. 168, and of *Mitchell* v. *Winslow*, 2 Story, 630.

It appears from the facts agreed in this case, that " there was no contract between Johnson and said persons for board for any specified time." It also appears, that the students had been boarding with Johnson about three weeks, when the assignment was made of what was then due and of what might become due from them.

Was there then an existing contract between them and Johnson, the future benefit of which might be assigned ? The fair conclusion to be drawn from the agreed statement is, perhaps, that the students verbally agreed with him for board at a certain price per week, but not for any specified time. There would seem then to have been an existing parole contract for board determinable at the pleasure of either party. It is not necessary, that money payable on a contingency, should be payable by virtue of a written contract to make it assignable.

If it be doubtful, whether there was a sufficient contract existing at the time to uphold an assignment of its future benefit, there would seem to be little reason for doubt, that the assignment to the defendant, if defective when it was made, was confirmed and established by the reference made to it in the assignment made to the plaintiffs after the contingency had happened and the money accruing for board had been earned and become due. The assignment made to the plaintiffs was declared to be made " subject however to any former assignment, that I have made of the demands aforesaid to Leavitt T. Jackson and Ebenezer Swett & Son."

The debts were then absolutely due, and he could then legally assign them, or confirm a former defective title to them.

*Plaintiff's nonsuit.*